## Pittsburgh Wholesale Grocery Co., Appellant, *v.* Rearich.

*Corporations — Suits for stock subscriptions — Act of May 14, 1874, P. L. 146.*

The Act of May 14, 1874, P. L. 146, does not authorize a corporation to bring separate suits against stockholders upon contracts of subscription to the capital stock of the company in one county of this State and have the defendants served in any other county thereof.

The act was intended to afford a corporation or its creditors the privilege, instead of bringing a suit against each stockholder in the county in which he resided, to unite them all in one action or proceeding and to bring them all into the same forum.

Argued May 3, 1917.  Appeal, No. 184, April T., 1917, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1917, No. 1798, making absolute rule to set aside service of writ in case of Pittsburgh Wholesale Grocery Company v. L. P. Rearich.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Rule to set aside service of writ.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to set aside service of writ.

*John Murray Redden* and *Alpern & Seder,* for appellant.

*Simon Patterson,* for appellee.

OPINION BY TREXLER, J., July 13, 1917:

The Act of May 14, 1874, Section 1, P. L. 146, reads as follows: "That in all actions or proceedings now or hereafter brought or instituted in any county within this Commonwealth, to charge the stockholders of any corporation with any of the debts of such corporation, or to enforce payment of installments due upon stock, service of summons or other process, may be made upon the stockholders resident within such county in the same manner as writs of summons are now directed to be served, and upon those residing in other counties of this Commonwealth by the sheriff of the county in which they may respectively reside, and upon those nonresidents of this Commonwealth by publication for four successive publications in a newspaper published within the county where such action or proceeding is brought or instituted, and also in the state in which such nonresidents may reside, as the court from which such action or proceedings shall issue may direct, and a copy of such publication shall be mailed to the post office address of such nonresident stockholders, if such address can be ascertained."

Does the above act authorize a corporation to bring separate suits against stockholders upon contracts of subscription to the capital stock of the company in one county of this State and have the defendants served in any other county thereof?

The present action is in assumpsit upon a contract of subscription to stock of the plaintiff company. The suit was brought in Allegheny County and service was made on the defendant at his residence in Armstrong County. The lower court on rule to show cause why the service should not be set aside, made the rule absolute, and from that order the plaintiff appeals. A careful reading of

the act convinces us that it is intended to afford a corporation or its creditors the privilege, instead of bringing a suit against each stockholder in the county in which he resides, to unite them all in one action or proceeding and to bring them all into the same forum. It seems that the legislature had in mind, at least as to the liability of stockholders to creditors, the affording of a speedy and expeditious remedy to carry out the fifteenth section of the Corporation Act of April 29, 1874, P. L. 73, which reads in part: "In any action or bill in equity brought to enforce liability under the provisions of the act, the plaintiff may include as defendants, any one or more of the stockholders of such corporation claimed to be liable therefor; and if judgment be given in favor of the plaintiff for his claim, or any part thereof, and any one or more of the stockholders so made defendants, shall be found to be liable, judgment shall be given against him or them." The section then provides how execution shall be had and a ratable adjustment of the debts among the solvent stockholders. The Act of May 14, 1874, which is the subject of our inquiry provided a means of bringing in the other stockholders. Thus if suit be brought against any stockholder in any county of the Commonwealth and service be obtained in the ordinary way, the plaintiff may in the same suit have "service of summons or other process made upon the stockholders resident within such county" in the usual manner and upon those residing in other counties, by the sheriffs of the respective counties. The act is not designed to reach the single stockholder who is sued, but provides a method to reach the others not residing in the county where suit has been brought. It will be noted, and it tends to support this theory, that the act applied to pending suits as well as those thereafter brought, and as to pending suits could only apply to additional defendants. Thus as we have stated, the act allows a corporation (or its creditors in appropriate proceedings) instead of bringing suits against each stockholder, to in-

clude them all in one proceeding and thus conveniently and rapidly dispose of the matter. The act with all its details as to service by publication and notices to be sent to nonresidents did not contemplate the bringing of a separate suit against each defendant in some county not the place of his residence, and thus compelling him, at the caprice of the suitor, to answer at some distant county seat. The man in the eastern part of the State could be sued in some western county and vice versa and the act thus become the vehicle to annoy and perhaps to oppress. The act having such wide extent as to service, contemplated proceedings in which all the delinquent stockholders could be joined and where in one proceeding the matters involved could be once for all settled. Where the corporation wishes to enforce liability against the individual stockholder it must obtain service upon him in the ordinary way.

Judgment affirmed.